Judge: MARC BARRECA
Chapter: 7
Hearing: October 29, 2010 at 9:30 a.m.
Responses Due: October 22, 2010

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In Re: | No. 10-18151-MLB |
|---|---|
| ELECTRIC VEHICLE COMPONENTS INC. | TRUSTEE'S MOTION TO DISMISS CHAPTER 7s |
| Debtor(s). | |

COMES NOW Michael B. McCarty, the Chaper 7 Trustee herein, and applies to the Court for an Order dismissing this case and the companion case of Electric Vehicle Components Inc. and in support thereof states as follows.

1. Electrical Vehicle Components, LLC ("EVC LLC") and Electrical Vehicle Components Inc. ("EVC Inc.") each filed petitions for relief under Chapter 7 of the Bankruptcy Code on July 15, 2010.

2. The petitions were signed by Michael Morrison, a principal of each of the debtors, or former principal and were represented by Richard Wotipka.

3. EVC LLC was a company that sold lithium batteries and other electrical components for vehicles over the internet.

4. Michael Morrison dissolved the corporate charter of EVC LLC on April 10, 2010 prior to the bankruptcy filing.

5. Michael Morrison created EVC Inc. on April 6, 2010.

6. According to the schedules Michael Morrison lent the EVC LLC $205,000 on April 23, 2009. Morrison perfected a security interest in the inventory of EVC LLC by filing a financing agreement with the Secretary of State on February 19th, 2010. Prior to the time the bankruptcies were

TRUSTEE'S MOTION TO DISMISS BANKRUPTCIES

Page 1

Michael B. McCarty, Trustee
400 Warren Avenue, Suite 411
Bremerton, WA 98337
(360) 377-2516

Case 10-18151-MLB    Doc 18    Filed 10/06/10    Entered 10/06/10 17:26:42    Page 1 of 6

filed he took possession of all scheduled physical assets of the debtors.[1] The schedules of EVC LLC indicate that Michael Morrison, as secured creditor, had possession of all of the inventory of EVC LLC which he valued at $262,136.13 and the office equipment which he valued at $22,589.58.

7. The Trustee filed a Complaint for turnover and to set aside a preference against Michael Morrison on August 29, 2010. Mr Morrison recently filed an Answer in which he asserts that the perfection of security interest is not a "transfer" for the purposes of determining whether there is a preferential transfer although clearly under 11 U.S.C. section 547 the perfection of a security interest is a transfer of an interest in property.

8. The schedules of EVC Inc. show that the company has some assets but again they are alleged to be secured by Mr. Morrison's security interest and it is unclear how to distinguish between property of EVC LLC and EVC Inc..

9. Prior to the filing of the bankruptcy, on June 17, 2010, a group of 24 customers of EVC LLC filed a complaint for fraud and Consumer Protection Act Violations against EVC LLC and EVC Inc. and Michael Morrison in Thurston County. Morrison claims that other people took inventory and other assets of the debtor.

10. At the inception of these bankruptcies the Trustee did not have possession of any of the assets of either debtor and could only obtain possession by filing an adversary action against Michael Morrison.

11. Michael Morrison refused to turn over the assets to the Trustee. His initial proposal to the Trustee was that the trustee would allow him to liquidate the assets and after he paid himself the amount he claimed (approximately $205,000) and costs he would turnover any remaining amount to the trustee.

12. The Trustee then discovered that Michael Morrison's security interest was a preferential transfer. The parties discussed the possibility of Mr. Morrison liquidating the property and splitting the

---

[1] Mr. Morrison does also claim that David Kois took inventory from the business. However he has also told this writer that Mr. Kois has no assets so those claims appear to be uncollectable.

TRUSTEE'S MOTION TO DISMISS BANKRUPTCIES

Page 2

**Michael B. McCarty, Trustee**
400 Warren Avenue, Suite 411
Bremerton, WA 98337
(360) 377-2516

proceeds. Numbers were never agreed upon. Mr. Morrison and his attorney disputed whether the perfection of a security interest was a transfer of an interest in property.

13. The Trustee needed to have an appraiser/auctioneer inspect the property to give the Trustee an independent valuation. It took nearly two weeks of discussion before Mr. Morrison gave access to the auctioneer. Finally, on August 20, 2010 Mr. Hensel from the James G. Murphy Co. met Mr. Morrison at a storage unit in Issaquah. Mr. Morrison told Mr. Hensel that the personal property in the storage unit was all that there was. In fact, the inventory was located at a different location. See Declaration of Robert Hensil.

14. Meanwhile, the plaintiffs in the Thurston County action continued their litigation against Michael Morrison. They were not taking any action against the debtor. In that action they alleged that Mr. Morrison was continuing to liquidate inventory of the debtor. Mr. Morrison never filed a motion for relief from stay and, although he had possession of the inventory and equipment, it is questionable whether he could proceed to liquidate it. In any event, despite demand, he has failed to provide a current inventory and has failed to account for any sales.

15. On September 17, 2010 the Thurston County Superior Court entered an Order compelling Morrison to allow David Kois, (a former principal of EVC LLC) and the trustee access to the inventory. A copy of that Order is attached hereto as Exhibit "A". Mr. Morrison did allow the Trustee and Bob Hensel access to the inventory but refused to allow David Kois to see the inventory. This writer was present and there was a clear threat of violence by Mr. Morrison against Mr. Kois.

16. Upon inspecting the inventory (which was made difficult by the stacking of the inventory) Mr. Hensel was able to offer an opinion as to the value of the inventory and equipment at auction. He believes the inventory has a value of approximately $25,000 and the remaining property in the storage unit has a value of approximately $5,000.00. The auction commission would be 10% and the costs would be at least $2,500.00. See Declaration of Robert Hensel. It is the Trustee's opinion that an auction would net about $20,000.

TRUSTEE'S MOTION TO DISMISS BANKRUPTCIES

**Michael B. McCarty, Trustee**
400 Warren Avenue, Suite 411
Bremerton, WA 98337
(360) 377-2516

Page 3

17. However, the Trustee does not have possession of the inventory and it will not be until the end of November, after the scheduled pretrial conference, that a motion for summary judgment could be heard. Storage costs are mounting at $3,000 a month. Allegedly the inventory value of the inventory, particularly the lithium batteries goes down substantially over a short period of time. Furthermore, it is possible that Mr. Morrison has a partial "new value" defense to the preference claim although despite demands by the trustee he has failed to produce any documentary evidence. It is also likely that Mr. Morrison's claim would be subordinated. Obviously the legal costs of obtaining a good result would exceed the recovery.

18. A number of the creditors have asked the Trustee to dismiss the case. Attached hereto as Exhibit "B" are copies of numerous emails the trustee has received from creditors requesting the case be dismissed.

19. It is the trustee's opinion that under the best circumstances the creditors will receive nothing in this case. It is therefore, better to dismiss these bankruptcy cases and let the creditors seek relief in the state court.

20. The Trustee has spent at least $8,000 of his time at his normal hourly rate of $365.00 an hour on this case for which he will be paid $60.00. The case has not been ignored. He has been offered what appears to have been a bribe, and has been threatened with lawsuits and bar proceedings. For those reasons, having described what he has done in this case, the Trustee requests that the Court enter findings to the effect that the Trustee has faithfully and diligently performed his duties as Trustee in this case and that he be discharged. The difficulties were created by Mr. Morrison and the filing of these chapter 7 cases in an attempt to thwart the creditors actions in state court. The creation of the security interest, the taking possession of the personal property and refusing to even allow access to it, the dissolution of the corporate charter of the debtor were all done by Mr. Morrison in an attempt to control the liquidation of the assets of the debtors.

TRUSTEE'S MOTION TO DISMISS BANKRUPTCIES

Page 4

**Michael B. McCarty, Trustee**
400 Warren Avenue, Suite 411
Bremerton, WA 98337
(360) 377-2516

Case 10-18151-MLB    Doc 18    Filed 10/06/10    Entered 10/06/10 17:26:42    Page 4 of 6

21. The Trustee believes that there is cause for dismissing these chapter 7 cases. There is no discharge granted a corporation in a chapter 7. There is no possibility that the creditors will be paid in this chapter 7. There is an alternative proceeding underway in state court which the creditors want to pursue.

22. Section 707(a) provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing an only for cause, including---" and then lists certain specific reasons which, however, are not exclusive. Subsection (3) of section 707(a) provides that in determining whether to dismiss a case the Court may consider "whether the debtor filed the petition in bad faith." The Trustee believes that both of these bankruptcies were filed in bad faith. Morrison and his attorney, Michael Essig, believed that it would be a simple matter of getting the trustee to agree to let Morrison liquidate the inventory, pay his claim and pay the costs of liquidation and then turn over anything that was left to the trustee. However, once the trustee discovered that Mr. Morrison's security interest was avoidable and after Mr. Morrison failed to show the trustee's representative the inventory it became clear to the Trustee that there was no possibility of working with Mr. Morrison. Mr. Morrison has consistently claimed that the inventory was his and he has violated the Superior Court's Order to let David Vois even see the inventory.

23. Besides bad faith, there are other reasons why this case should be dismissed. In light of the liquidation value of the property, the costs of liquidating it and the costs of litigating the issues there can be no chance of recovery for creditors in this case. Since there is no discharge and no harmful effects of a dismissal of the bankruptcy the Trustee urges the Court to dismiss these proceedings.

.

Respectfully submitted this 6th day of October, 2010,.

            */s/ Michael B. McCarty*
            Michael B. McCarty, WSBA # 13162
            Chapter 7 Trustee

## VERIFICATION

TRUSTEE'S MOTION TO DISMISS BANKRUPTCIES      **Michael B. McCarty, Trustee**
     400 Warren Avenue, Suite 411
     Bremerton, WA 98337
Page 5      (360) 377-2516

I, Michael B. McCarty, the Chapter 7 Trustee herein, do hereby state, under penalty of perjury, that the facts stated in the foregoing document are true and accurate to the best of my knowledge and belief.

DATED this 6th day of October, 2010.

*/s/Michael B. McCarty*
Michael B. McCarty

TRUSTEE'S MOTION TO DISMISS BANKRUPTCIES

Page 6

**Michael B. McCarty, Trustee**
400 Warren Avenue, Suite 411
Bremerton, WA 98337
(360) 377-2516

Case 10-18151-MLB    Doc 18    Filed 10/06/10    Entered 10/06/10 17:26:42    Page 6 of 6